UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

TARA MAHONEY                                                    CV

                                    Plaintiff,
                    -against-                                   **COMPLAINT**

SUNNYMEADE LEASING L.L.C. AND                                  **JURY TRIAL REQUESTED**
PATRIZIAS OF STATEN ISLAND LLC

                                    Defendants.
----------------------------------------------------------------x

## COMPLAINT

Plaintiff Tara Mahoney (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants Sunnymeade Leasing L.L.C. and Patrizias of Staten Island LLC (together referred to as "Defendants"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.          This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, Section 504 of the Rehabilitation Act ("Section 504") 29 U.S.C. § 794*, et. seq.,* the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code")*.*

1

As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, 29 U.S.C. § 794, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and Section 504 of the Rehabilitation Act. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

2

## PARTIES

5.      At all times relevant to this action, Plaintiff Tara Mahoney has been and remains currently a resident of the State and City of New York.

6.      At all times relevant to this action, Plaintiff Tara Mahoney has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant Sunnymeade Leasing L.L.C. owns the property located at 4255 Amboy Road in Richmond County, New York (hereinafter referred to as "4255 Amboy Road").

8.      Each defendant is licensed to and does business in New York State.

9.      At all relevant times, defendant Patrizias of Staten Island LLC operates and/or leases property located at 4255 Amboy Road from the defendant Sunnymeade Leasing L.L.C. and does business as Patrizia's Pizza and Pasta.

10.     At all relevant times, defendant Sunnymeade Leasing L.L.C. operates and leases the property located at 4255 Amboy Road to commercial tenants (hereinafter referred to as the "4255 Amboy Road Shopping Center" premises).

11.     4255 Amboy Road Shopping Center contains commercial units consisting of approximately 26,000 square feet of commercial space.

12.     4255 Amboy Road Shopping Center provides 83 parking spaces available to the public.

13.     Upon information and belief, Sunnymeade Leasing L.L.C. and Patrizias of Staten Island LLC have a written lease agreement.

14.     In 2020 and 20201, Defendant Patrizias of Staten Island LLC received

3

loans from the Small Business Administration (SBA) through the congressionally-created "Paycheck Protection Program," also known as a "PPP loan."

15.     In April 2020, Defendant Patrizias of Staten Island LLC received $156,844 from the PPP loan.

16.     In January 2021, Defendant Patrizias of Staten Island LLC received $219,581 from the PPP loan.

17.     Upon information and belief, these aforementioned loans have not yet been paid back in full.

18.     Page 4 of the SBA application to receive a PPP loan states that "All businesses receiving SBA financial assistance must agree not to discriminate in any business practice … on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations."

19.      SBA regulations prohibit loan recipients from "discriminat[ing] with regard to goods, services, or accommodations offered or provided by the aided business or other enterprise, whether or not operated for profit, because of race, color, religion, sex, handicap, or national origin of a person, or fail or refuse to accept a person on a nonsegregated basis as a patient, student, visitor, guest, customer, passenger, or patron." 13 CFR § 113.3(a).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20.     Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the 4255 Amboy Road Shopping Center premises located at 4255 Amboy Road, within the meaning of the ADA

(42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and

the NYCHRL (Administrative Code § 8-102(9)).

21.    The 4255 Amboy Road Shopping Center premises is a place of public

accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. §

36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative

Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect

commerce.

22.    Numerous architectural barriers exist at the 4255 Amboy Road Shopping

Center premises that prevent and/or restrict access to Plaintiff, a person with a disability,

which include, but are not limited to, architectural barriers at the paths of travel.

23.    Upon information and belief, 4255 Amboy Road was designed and

constructed for first possession after 2004.

24.    Upon information and belief, at some time after 2004, alterations were

made to 4255 Amboy Road, including areas adjacent and/or attached to 4255 Amboy

Road.

25.    Within the past three years of filing this action, Plaintiff visited and

attempted to and desired to access the 4255 Amboy Road Shopping Center premises.

26.    The services, features, elements and spaces of the 4255 Amboy Road

Shopping Center premises are not readily accessible to, or usable by Plaintiff as required

by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36,

Appendix A, and adopted by the United States Department of Justice in 1991 as the

Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the

"1991 ADA") or the revised final regulations implementing Title III of the ADA adopted

by the United States Department of Justice in 2010 as the 2010 Standards for Accessible

Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

27.    Because of Defendants' failure to comply with the above-mentioned laws,

including but not limited to the 1991 Standards or the 2010 Standards and the

Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and

complete access to all of the areas of the 4255 Amboy Road Shopping Center premises

that are open and available to the public.

28.    Defendants' place of public accommodation has not been designed,

constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the

Uniform Federal Accessibility Standards ("UFAS"), the 1968 New York City

Construction Code ("1968 New York City"), and the 2014 New York City Construction

Code ("2014 New York City").

29.    Barriers to access that Plaintiff experienced, encountered and/or which

deter Plaintiff from patronizing the 4255 Amboy Road Shopping Center premises as well

as architectural barriers that exist include, but are not limited to, the following:

**Site Arrival:**

I.    An accessible route is not provided from the public street and sidewalk to the
public entrances.
Defendants fail to provide that at least one accessible route shall be provided
within the site from public streets and sidewalks to the accessible building or
facility entrance they serve. See 1991 ADA 4.1.2(1), 2010 ADA 206.2.1, 1968
NYC 27-292.5(b), and 2014 NYC 1104.1.

II.    The circulation route between Old Amboy Road and the public entrances has
multiple steps.
Defendants fail to provide that vertical changes in level at accessible routes
shall be 1/4-inch-high maximum. See 1991 ADA 4.3.8, 2010 ADA 403.4, 1968
NYC 4.3.8, and 2014 NYC 403.4.
Defendants fail to provide that changes in level at accessible routes between
1/4-inch-high minimum and 1/2-inch-high maximum shall be beveled with a

6

slope not steeper than 1:2. See 1991 ADA 4.3.8, 2010 ADA 403.4, 1968 NYC 4.3.8, and 2014 NYC 403.4.

Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a curb ramp, ramp, elevator, or platform lift. See 1991 ADA 4.3.8 and 1968 NYC 4.3.8.

Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA 303.4and 2014 NYC 303 .4.

III.    The circulation route between Old Amboy Road and the entrances is less than 36 inches wide due to a patio, plants, and curbs.
Defendants fail to provide that the clear width of walking surfaces at accessible routes shall be 36 inches minimum. See 1991 ADA 4.3.3, 2010 ADA 403.5.1, 1968 NYC 4.3.3, and 2014 NYC 403.5.

IV.    An accessible route is not provided from the parking spaces to the public entrances. See below.
Defendants fail to provide that at least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones to the accessible building or facility entrance they serve. See 1991 ADA 4.1.2(1), 2010 ADA 206.2.1, 1968 NYC 27-292.5(b), and 2014 NYC 1104.1.

V.    The curb ramp between the facility and the immediate parking lot has a ramp run steeper than 1:12.
Defendants fail to provide that curb ramp shall have a running slope not steeper than 1:12. See 1991 ADA 4.8.2, 2010 ADA 405.2, 1968 NYC 4.8.2, 2014 NYC 405.2.

VI.    The curb ramp between the facility and the immediate parking lot has flairs steeper than 1:10.
Defendants fail to provide that, where provided, curb ramp flares shall not be steeper than 1:10. See 1991 ADA 4.7.5, 2010 ADA 406.3, 1968 NYC 4.7.5, 2014 NYC 406.3.

VII.    The curb ramp between the facility and the immediate parking lot lacks a landing at the top of the curb ramp. The landing area is not partially obstructed by a patio tent.
Defendants fail to provide that landings shall be at the tops of curb ramps. See 1991 ADA 4.7.5, 2010 ADA 406.4, 1968 NYC 4.7.5, 2014 NYC 406.7.

VIII.    The curb ramp between the facility and the immediate parking lot lacks a landing at the top of the curb ramp. The landing area is not partially obstructed by a patio tent.
Defendants fail to provide that landings at the tops of curb ramps shall have a clear length of 36 inches minimum. The landing clear width shall be at least as wide as the curb ramp, excluding flared sides, leading to the landing. See 1991 ADA 4.7.5, 2010 ADA 406.4, 1968 NYC 4.7.5, 2014 NYC 406.7.

7

Defendants fail to provide that landings at the tops of curb ramps shall be at least as wide as the curb ramp, excluding flared sides, leading to the landing. See 1991 ADA 4.7.5, 2010 ADA 406.4, 1968 NYC 4.7.5, 2014 NYC 406.7.

IX.     The public entrance to 99 Cent & Discount World Tenant is accessible. Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).
Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.
Defendants fail to provide that ALL its public entrances are accessible. See 2014 NYC 1105.1.

X.      The public entrance to 99 Cent & Discount World Tenant lacks level maneuvering clearances at the pull side of the doorway.
Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.

XI.     The public entrance to 99 Cent & Discount World Tenant lacks a compliant threshold at the pull side of the doorway.
Defendants fail to provide an accessible door with a threshold that is less than ¼ inch vertical and ½ inch beveled with a slope more than 2:1. See 1991 Standards 4.13.8, 2010 Standards 404.2.5, and 2014 NYC 404.2.4.

**Parking:**

XII.    No accessible parking spaces are provided in the parking lot.
Defendants fail to provide that where parking spaces are provided, accessible parking spaces shall be provided. See 21991 ADA 4.1.2(5)(a), 2010 ADA 208.1, 1968 NYC 27-292.19(a), and 2014 NYC 1106.1.

XIII.   No accessible parking spaces are provided in the parking lot.
Defendants fail to provide that the number of accessible parking spaces shall be in accordance with 1991 ADA 4.1.2(5)(a) and 2010 ADA Table 208.2.
Defendants fail to provide that where parking spaces are provided, five percent of the total number of parking spaces, but not less than one parking space, shall be accessible parking spaces. See 1968 NYC 27-292.19(a) and 2014 NYC 1106.1.

XIV.    No van accessible parking spaces are provided in the parking lot.
Defendants fail to provide that for every eight or fraction of eight accessible parking spaces required, at least one shall be a van accessible parking space. See 1991 ADA 4.1.2(5)(b).
Defendants fail to provide that parking facilities containing less than 30 parking spaces shall have at least one van accessible parking space ("high clearances accessible parking space") OR parking facilities containing more than 30

parking spaces shall have at least two van accessible parking space ("high clearances accessible parking space"). See 1968 NYC 4.6.2.
Defendants fail to provide that for every six or fraction of six accessible parking spaces required, at least one shall be a van accessible parking space. See 2010 ADA 208.2.4 and 2014 NYC 1106.5.

XV.     No accessible parking spaces are provided in the parking lot.
Defendants fail to provide that accessible parking spaces that serve a particular building or facility shall be located on the shortest accessible route from parking to an accessible entrance. See 1991 ADA 4.6.2, 2010 ADA 208.3.1, 1996 NYC 4.6.1, and 2014 NYC 1106.6.

XVI.    No accessible parking spaces are provided in the parking lot.
Defendants fail to provide that where parking serves more than one accessible entrance, accessible parking spaces shall be dispersed and located on the shortest accessible route to the accessible entrances. See 1991 ADA 4.6.2, 2010 ADA 208.3.1, 1996 NYC 4.6.1, and 2014 NYC 1106.6.

XVII.   No van accessible parking spaces are provided in the parking lot.
Defendants fail to provide that van accessible parking spaces shall be 132 inches wide minimum. See 1991 ADA 4.6.3, 2010 ADA 502.2, 1968 NYC 6.6.2, and 2014 NYC 502.2.

XVIII.  No accessible parking spaces or access aisles are provided in the parking lot.
Defendants fail to provide that access aisles serving accessible parking spaces shall be 60 inches wide minimum. See 1991 ADA 4.1.2(5)(a) and 4.6.3, 2010 ADA 502.3.1, 1968 NYC 4.6.2, and 2014 NYC 502.4.2.
Defendants fail to provide that access aisles serving van accessible parking spaces shall be 96 inches wide minimum. See 1991 ADA 4.1.2(5)(b) and 4.6.3, 2010 ADA 502.2, 1968 NYC 4.6.2, and 2014 NYC 502.2.

XIX.    No accessible parking spaces or access aisles are provided in the parking lot.
Defendants fail to provide that access aisles serving car and van accessible parking spaces shall extends the full length of the parking spaces they serve. See 1991 ADA 4.6.3, 2010 ADA 502.3.2,1968 NYC 4.6.2, and 2014 NYC 502.4.3.

XX.     No accessible parking spaces or access aisles are provided in the parking lot.
Defendants fail to provide that that access aisles serving car and van accessible parking spaces shall be marked to discourage parking in them.  See 2010 ADA 502.3.3 and 2014 NYC 502.4.4.

XXI.    No accessible parking spaces with identification signs are provided in the parking lot.

Defendants fail to provide that accessible parking space identification signs shall include the International Symbol of Accessibility. See 1991 ADA 4.6.4, 2010 ADA 502.6, 1968 NYC 4.6.2, and 2020 NYS 502.7.

XXII.  No van accessible parking spaces with identification signs are provided in the parking lot.
Defendants fail to provide that signs identifying van accessible parking spaces shall contain the designation "van accessible". See 1991 ADA 4.6.4, 2010 ADA 502.6, and 2020 NYS 502.7.

**Exterior Dining at Patrizia's of Staten Island:**

XXIII.  No accessible dining surfaces are provided in any of the exterior dining areas. See below.
Defendants fail to provide that where fixed tables (or dining counters where food is consumed but there is no service) are provided, at least 5 percent, but not less than one, of the fixed tables (or a portion of the dining counter) shall be accessible. See 1991 ADA 5.1.
Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA 226.1.
Defendants fail to provide that where seating at fixed or built-in tables, counters or work surfaces is provided in accessible spaces, at least 5 percent of the seating, but not less than one, shall be accessible. See 2014 NYC 1109.11

XXIV.  No accessible dining surfaces are provided in any of the exterior dining areas.
Defendants fail to provide that accessible dining surfaces shall be dispersed throughout the space or facility containing dining surfaces. See 1991 ADA 5.1, 2010 ADA 226.2, and 2014 NYC 1109.11.1.

XXV.  All tables in the exterior dining areas have a pedestal and feet that obstruct a clear floor space for a forward approach.
Defendants fail to provide that a clear floor space positioned for a forward approach shall be provided at accessible dining surfaces (due to table pedestals or table legs). See 1991 ADA 4.32.2, 2010 ADA 902.2, 1968 NYC 4.30.2, and 2014 NYC 902.2.

XXVI.  All tables in the exterior dining areas have a pedestal and feet that obstruct knee and toe clearance.
Defendants fail to provide that a knee and toe clearance shall be provided at accessible dining surfaces (due to table pedestals or table legs). See 1991 ADA 4.32.3, 2010 ADA 902.2, 1968 NYC 4.30.3, and 2014 NYC 902.2.

XXVII.   None of the tables in the exterior dining areas are identified with the International Symbol of Accessibility.
Defendants fail to identify accessible seating with the International Symbol of Accessibility at accessible seating. See 2014 NYC 1110.1(9).

30.   Upon information and belief, a full inspection of the 4255 Amboy Road Shopping Center premises will reveal the existence of other barriers to access.

31.   As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the 4255 Amboy Road Shopping Center premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

32.   Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

33.   Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

34.   Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the 4255 Amboy Road Shopping Center premises continue to exist and deter Plaintiff.

35.     Plaintiff frequently travels to the area where the 4255 Amboy Road Shopping Center premises is located.

36.     Plaintiff intends to patronize the 4255 Amboy Road Shopping Center premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

37.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the 4255 Amboy Road Shopping Center premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

38.     Plaintiff intends to patronize the 4255 Amboy Road Shopping Center premises several times a year as "tester" to monitor, ensure, and determine whether the 4255 Amboy Road Shopping Center premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

39.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

40.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

41.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

42.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

43.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

44.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

45.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

46.     The 4255 Amboy Road Shopping Center premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

47.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

48.     The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

49.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

50.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

51.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

52.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

53.    Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE SECTION 504 OF THE REHABILITATION ACT)

54.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

55.    Plaintiff is an individual with a disability as defined by the Rehabilitation Act, 29 U.S.C. § 705(20).

56.    Section 504 of the Rehabilitation Act of 1973 (hereinafter also referred to as "Section 504"), 29 U.S.C. § 794, and the regulations promulgated thereunder, prohibit

14

discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

57.     Section 504 defines "[p]rogram or activity" in part as "an entire corporation, partnership, or other private organization, or an entire sole proprietorship . . . which is principally engaged in the business of providing . . . health care." 29 U.S.C. § 794(b)(3)(A)(ii).

58.     Defendants have received federal financial assistance at all relevant times including, but not limited to, the PPP loan(s).

59.     Through the acts and omissions alleged herein, defendants have, solely because of plaintiff's disabilities, excluded plaintiff from participation in defendants' programs and activities and denied plaintiff the benefits of defendants' programs and activities, and subjected plaintiff to discrimination in violation of 29 U.S.C. § 794, *et. seq.* and the regulations promulgated thereunder.

60.     Defendants' acts and omissions described herein violate the equal access and nondiscrimination provisions of Section 504 and the regulations promulgated thereunder and have resulted in injury to plaintiff.

61.     Defendants have and continue to commit discrimination during the time when the PPP is or was outstanding.

62.     Defendants acted with deliberate indifference to plaintiff's rights guaranteed under Section 504.

63.    Defendants have had actual knowledge of the discrimination due to, among other things, the open and obvious nature of the discriminatory condition and deliberately decided not to address the discrimination and institute corrective measures.

64.    As a proximate result of defendants' violations of Section 504, plaintiff has been injured and continues to be injured, as set forth herein in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

65.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

66.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

67.    In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

68.    By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York

State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

69.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

70.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

71.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

72.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

73.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

74.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

75.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

76.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

77.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

78.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

79.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

80.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public

accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

81.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

82.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

83.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

84.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

85.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

86.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Sunnymeade Leasing L.L.C. continuously controlled, managed, and operated the public sidewalk abutting 4255 Amboy Road, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

87.     Sunnymeade Leasing L.L.C.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

88.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

89.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

90.     Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

91.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular,

Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

92.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

93.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

94.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

95.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

96.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

97.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

98.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

99.     Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

100.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

101.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

102.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

103.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

104.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, Section 504 of the Rehabilitation Act, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.   Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Section 504 of the Rehabilitation Act, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants' violations of Section 504 of the Rehabilitation Act, NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA and Section 504 of the Rehabilitation Act; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 7, 2022
　　　　New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:＿＿＿/s＿＿＿＿＿＿＿＿
　　　Glen H. Parker, Esq.
　　　Attorneys for Plaintiff
　　　40 Worth Street, Suite 602
　　　New York, New York 10013
　　　Telephone: (212) 248-7400 ex. 15
　　　Facsimile: (212) 248-5600
　　　Email:ghp@parkerhanski.com